IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONATHAN CASTILLO, on behalf of himself and other similarly situated persons, known and unknown, | |
| Plaintiff, | Case No. 17-cv-5498 |
| | Judge: |
| v. | Magistrate: Judge |
| NATIONAL ROOFING CORPORATION | |
| Defendant. | |

**COMPLAINT**

Plaintiff Jonathan Castillo, (hereafter "Plaintiff") on behalf of himself and all other similarly situated employees, known and unknown, through their attorneys, for their Complaint against Defendant National Roofing Corporation, (collectively "Defendant") states as follows:

**I.    NATURE OF THE CASE**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Illinois Prevailing Wage Act, 820 ILCS 130/1 *et seq.*("IPWA"), for (1) Defendant's failure to pay overtime wages to Plaintiff and similarly situated employees in violation of the FLSA and the IMWL, and (2) Defendant's failure to pay Plaintiff and other similarly situated employees at the Illinois-mandated prevailing wage rate for work performed in various public works projects in violation of the IPWA. Defendant's unlawful compensation practices have had the effect of denying Plaintiff and other similarly situated employees their earned and living wages. For the claims arising under the FLSA, Plaintiff brings this suit as a collective action pursuant to Section

216(b) of the FLSA, 29 U.S.C. §216(b). Plaintiff's consent to represent is attached hereto as Exhibit A.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred within this judicial district.

## III. PARTIES

**Plaintiff**

3. During the course of their employment, Plaintiff:

   a. handled goods that moved in interstate commerce;

   b. Was an "employee" of Defendants as that term is defined by the FLSA, the IMWL, and the IPWA;

   c. has been a worker, laborer or mechanic working on public works project as defined by the IPWA.

   d. Has resided in and been domiciled in the state of Illinois and within this judicial district.

**Defendant**

4. Within the relevant time period, Defendant National Roofing Corporation:

   a. Has been a corporation organized under the laws of the State of Illinois and has been located in and conducted business within this judicial district;

   b. Has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, or in the

       production of goods for commerce, within the meaning of Section 3(s)(1)(A);

c. Has had two or more employees that have handled goods that have moved in interstate commerce;

d. Has been Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c) *et seq.*

e. was a contractor on multiple public works projects from July 26, 2012 to the present; and

f. employed Plaintiff and other similarly situated employees as "laborers, workers, or mechanics" on multiple public works projects in Illinois, as defined by the IPWA, 820 ILCS 130/2.

## FACTUAL BACKGROUND

5. Within the three years prior to the filing of this lawsuit, Plaintiff was employed by Defendant to work as a roofer for Defendant's business.

6. Within the three years prior to the filing of this lawsuit, Defendant regularly directed Plaintiff to work in excess of forty hours per week but Defendant failed to pay Plaintiff at time and a half Plaintiff's regular rate of pay for all time worked in excess of forty hours per week.

7. Similarly, Defendant regularly directed other similarly situated employees of Defendant to work in excess of forty hours per week but Defendant failed to pay similarly situated employees at time and a half their regular rate of pay for all time worked in excess of forty hours per week.

8. Defendant's failure to compensate Plaintiff and similarly situated employees for all time worked in excess of forty (40) hours per week at time their overtime wage was a violation of the FLSA and the IMWL.

9. During the relevant time period, Defendant was a contractor or subcontractor that performed construction work on public works projects, as defined by the IPWA, including, but not limited to public works projects performed at:

    a) Parkview Elementary Highschool in Morton Grove, Illinois.

10. During the relevant time period, Plaintiff and other similarly situated employees worked for Defendant in one or more individual work weeks on public works projects as referenced in paragraph 9, supra.

11. During the relevant time period, Defendant failed to pay Plaintiff and other similarly situated employees at the stipulated prevailing wage rate for all time they worked on public works projects. For example,

    a) Defendant failed to pay Plaintiff and similarly situated employees for all time worked in excess of forty hours per week on public works projects at time and a half their prevailing wage rate of pay

    b) Defendant also paid Plaintiff and similarly situated employees for less time than they had actually worked on public works projects.

### CLASS ACTION ALLEGATIONS

12. Plaintiff will seek to certify as class actions pursuant to FRCP Rule 23 his state law claims arising under the IMWL for overtime wages (Count II) as well as his state law claim arising under the IPWA for unpaid wages at the prevailing rate of pay (Count III). Plaintiff will ask the Court to determine the rights of the parties pursuant to those statutes and to

direct Defendant to account for all hours worked and wages paid to the class members during the temporality of the class.

    13.    Counts II and III are brought pursuant to Fed. R. Civ. P. 23(a) and (b) because:

    a.    The class is so numerous that joinder of all members is impracticable. While the precise number of class members has not been determined at this time, Plaintiff is informed and believes that Defendant has employed in excess of sixty (60) individuals as employees during the IMWL and IPWA, Class Periods.

    b.    There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of fact and law include, without limitation:

        i.    Whether Defendant failed to pay Plaintiff and the Class overtime wages for all time worked over forty (40) hours in individual work weeks during the IMWL Class Period;

        ii.    Whether Plaintiff and the Class performed work on public works projects covered by the IPWA; and

        iii.    Whether Defendant paid Plaintiff and the Class for all work performed on public works projects covered by the IPWA at the prevailing rate of pay.

    c.    The class representative and the members of the class have been equally affected by Defendant's failure to pay overtime wages and prevailing wages.

    d.    Members of the class will be reluctant to bring forth claims for unpaid wage violations for fear of retaliation.

   e.  The class representative, class members, and Defendant have a commonality of interest in the subject matter and remedies sought and the class representative is able to fairly and adequately represent the interest of the classes. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating hardship on the class members, Defendant, and the Court.

14. Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I
### Violation of the Fair Labor Standards Act- Overtime Wages
*Section 216(b) Collective Action*

15. Plaintiff incorporates and re-alleges paragraphs 1 through 14 of this Complaint, as though set forth herein.

16. The matters set forth in this Count arise from Defendant's violation of the overtime provisions of the FLSA.

17. Defendant suffered or permitted Plaintiff to work, and Plaintiff did in fact work, in excess of forty (40) hours in individual work weeks during their employment with Defendant.

18. Defendant likewise suffered or permitted other similarly situated employees to work who did, in fact, perform work for Defendant in excess of forty (40) hours in individual work weeks but did not compensate them at time and a half their regular rate for all time worked.

19. Plaintiff and other similarly situated employees were not exempt from the overtime wage provisions of the FLSA and were entitled to be compensated at least at time and a half their regular rate for all time worked in excess of forty hours per week.

20. Defendant violated the FLSA by failing to compensate Plaintiff and other similarly situated employees' overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

21. Plaintiff and similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years prior to Plaintiff filing this lawsuit because Defendant's violation was willful.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A. That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

B. A judgment in the amount of unpaid overtime wages for all time worked by Plaintiffs and other similarly situated employees in excess of forty (40) hours in individual work weeks.

C. Liquidated damages in the amount equal to the unpaid overtime wages;

D. That the Court declare that Defendant has violated the FLSA;

E. That the Court enjoin Defendants from violating the FLSA;

F. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and Such other and further relief as this Court deems appropriate and just

## COUNT II
### Violation of the Illinois Minimum Wage Law- Overtime Wages
*Plaintiff on behalf of himself and similarly situated employees*

22. Plaintiff incorporates and re-alleges paragraphs 1 through 21 of this Complaint, as though set forth herein.

23. The matters set forth in this Count arise from Defendant's violation of the overtime wage provisions of the IMWL.

24. Defendants suffered or permitted Plaintiff to work, and Plaintiff did in fact work, in excess of forty (40) hours in individual work weeks during their employment with Defendant.

25. Defendant likewise suffered or permitted other similarly situated employees to work who did, in fact, perform work for Defendant in excess of forty (40) hours in individual work weeks but did not compensate them at time and a half their regular rate for all time worked

26. Plaintiff and similarly situated employees were not exempt from the overtime wage provisions of the IMWL and were entitled to be compensated at time and a half their regular rate of pay for all time worked in excess of forty hours per week.

27. Defendant violated the IMWL by failing to compensate Plaintiff and similarly situated employees for all time worked in excess of forty (40) hours in individual work weeks at time and a half Plaintiff's regular rate of pay.

28. Pursuant to 820 ILCS 105/12(a), Plaintiff and members of the class are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

29. The Class that Plaintiff seeks to represent in regard to the overtime wage claim arising under the IMWL is composed of and defined as all persons who have been employed by Defendant as Roofers since July 26, 2014 up through and including the date of filing of this lawsuit.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A. That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B. A judgment in the amount of all overtime wages due to Plaintiff and the Class as provided by the IMWL;

C. Statutory damages for Plaintiff and the Class pursuant to the formula set forth in 820 ILCS 105/12(a);

D. That the Court declare that Defendant have violated the IMWL;

E. That the Court enjoin Defendant from violating the IMWL

F. Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*; and such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the IPWA – Prevailing Wages
### Plaintiff on behalf of himself and other similarly situated employees
*Plaintiff on behalf of himself and similarly situated employees*

30.   Plaintiff incorporates and re-alleges paragraphs 1 through 29 of this Complaint as though set forth herein.

31.   This Count arises from Defendant's violation of the IPWA for Defendant's failure to pay Plaintiff and other similarly situated laborers at the stipulated prevailing wage rate for all work performed by Plaintiff and other similarly situated employees on public works projects.

32.   Defendant was a contractor or subcontractor on multiple public works projects from at least July 24 2012 through the present.  See paragraph 9-11,, *supra*.

33.   Defendant employed Plaintiff and other similarly situated employees as "laborers, workers, or mechanics," on multiple public works projects in Illinois, as defined by the IPWA, 820 ILCS 130/2.  See paragraphs 9-11, *supra*.

34.   Defendant employed Plaintiff and other similarly situated employees on public works projects in Illinois pursuant to contracts or subcontracts with institutions supported in whole or in part by public funds.

35.   Pursuant to the IPWA, Plaintiff and other similarly situated employees were entitled to be compensated at the general prevailing rate of hourly wages.

36.   Defendant was obligated to compensate Plaintiff and other similarly situated employees at no less than the general prevailing rate of hourly wages for periods of time Plaintiff performed work for Defendant on Illinois state and municipal "public works," as defined by the IPWA.

37. Plaintiff was not compensated at the general prevailing rate of hourly wages for work he performed for Defendant on "public works" projects as defined by the IPWA.

38. Other similarly situated employees were also not compensated at the general prevailing rate of hourly wages for work they performed for Defendant on "public works" projects as defined by the IPWA.

39. Under the IPWA, "public works means all fixed works constructed for public use by any public body," or "paid for wholly or in part out of public funds." 820 ILCS 130/2. The multiple public works projects performed by Defendant were fixed and were constructed for public use, paid for in part by public funds, within the meaning of the IPWA.

40. In failing to compensate Plaintiff and other similarly situated employees at the general prevailing rate of hourly wages for work they performed for Defendant on "public works" projects, Defendant violated the IPWA.

41. Pursuant to 820 ILCS 130/11, Plaintiff and other similarly situated employees are entitled to recover the difference between the wages paid and the prevailing rate of hourly wages, plus punitive damages in the amount of two percent (2%) per month of the amount of any penalty to the State of Illinois.

42. The Class that Plaintiff seeks to represent in regard to the claim for unpaid prevailing wages arising under the IPWA is composed of and defined as all persons who have been employed by Defendant as roofers since July 26, 2012 up through and including the date of filing of this lawsuit.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A. That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B. A judgment in the amount of the difference between wages paid and the prevailing wage rate for all employment on public works and fringe benefits, plus

        interest;

C.      That the Court declare that Defendant has violated the IPWA;

D.      That the Court enjoin Defendant from violating the IPWA;

E.      Punitive damages pursuant to the formula set forth in 820 ILCS 130/11;

F.      Reasonable attorneys' fees and costs incurred in filing this action; and

G.      Such other and further relief as this Court deems appropriate and just.

                                                  Respectfully submitted,

Dated: July 26, 2017

                                                  <u>s/Alvar Ayala</u>
                                                  Alvar Ayala
                                                  Christopher J. Williams
                                                  Workers' Law Office, P.C.
                                                  53 W. Jackson Blvd., Suite 701
                                                  Chicago, Illinois 60604
                                                  (312) 795-9121

                                                  Plaintiff's Attorneys